[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 29, 2008
THOMAS K. KAHN
CLERK

No. 08-11730
Non-Argument Calendar

_____

D. C. Docket No. 07-00381-CR-01-ODE-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN AGUIRRE-ROCHA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(December 29, 2008)**

Before ANDERSON, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Juan Aguirre-Rocha appeals as unreasonable his 24-month sentence for

illegal reentry into the United States following deportation, in violation of 8 U.S.C. § 1326(a), (b). He argues that the district court placed too much weight on the guidelines range, his criminal history, and his alleged gang membership, while placing too little weight on the mitigating factors he raised at sentencing.

We review a sentence for reasonableness under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. ___, 128 S.Ct. 586, 597-98, 169 L.Ed.2d 445 (2007). We will reverse a sentence under that standard only if "the district court has made a clear error of judgment." United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008) (quoting United States v. Frazier, 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc)). Although we do not presume that a within-guidelines sentence is reasonable, we ordinarily would expect it to be so. United States v. Talley, 431 F.3d 784, 787-88 (11th Cir. 2005). Unjustified reliance on a single factor, reliance on impermissible factors, or failure to consider pertinent factors can be "symptoms" of unreasonable sentences, Pugh, 515 F.3d at 1191-92, but a district court does not abuse its discretion when it merely attaches "great weight" to a single (permissible) factor or set of factors, Gall, 552 U.S. at ___, 128 S.Ct. at 600-02. The appellant bears the burden of establishing that the sentence is unreasonable. Talley, 431 F.3d at 788.

After United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d

2

621 (2005), sentencing is a two-step process that requires the district court first to "consult the Guidelines and correctly calculate the range provided by the Guidelines," and then to consider the factors in 18 U.S.C. § 3553(a) and determine a reasonable sentence. Talley, 431 F.3d at 786. Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to the victims. Id. (citing 18 U.S.C. § 3553(a)).

Not every case requires a full opinion or a response to every argument. Rita v. United States, 551 U.S. ___, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007). Rather, "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Id. When the sentence is within the guidelines range and neither party has contested the range under

3

§ 3553(a), "the judge normally need say no more." Id. "Where the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence . . . the judge will normally go further and explain why he has rejected those arguments. Sometimes the circumstances will call for a brief explanation; sometimes they will call for a lengthier explanation." Id. at ___, 127 S.Ct. at 2468-69.

At sentencing, the facts the district court may consider are not limited to those that are undisputed or have been proven beyond a reasonable doubt. See United States v. Duncan, 400 F.3d 1297, 1304 (11th Cir. 2005). "'[C]onsideration of information about the defendant's character at sentencing does not result in 'punishment' for any offense other than the one of which the defendant was convicted.'" Id. (quoting United States v. Watts, 519 U.S. 148, 155, 117 S.Ct. 633, 636, 136 L.Ed.2d 554 (1997)).

Here, the district court considered the guidelines range, heard evidence about the aggravating and mitigating factors in Aguirre-Rocha's background, and then concluded that a high-end, within-guidelines sentence was reasonable under all the facts and circumstances. Aguirre-Rocha's argument that the district court erred when it took into account his gang membership, which he disputed, is unavailing. The PSI contained several statements linking him to gangs and one where he admitted to being a member. His counsel contested the admission at

4

sentencing but provided no support for the statement, and did not object to any of the other statements. Because Aguirre-Rocha made no objections to the other facts, the district court did not err in considering them. Further, there is nothing in the record to suggest that the court did not consider the mitigating evidence that Aguirre-Rocha presented. Given the reasons cited by the district court, the sentence was reasonable.

For the foregoing reasons, we affirm Aguirre-Rocha's sentence.

**AFFIRMED.**